## HIGGINS and others *vs.* CARPENTER and another.

1841.
Third Cir-
cuit.

Higgins
*vs.*
Carpenter.

Where the defendants moved for the confirmation of a decree to dismiss the suit, on the ground that the complainants had failed to comply with an order entered under rule 20, for a copy of the bill, and it appeared that subsequent to the default, the defendants had filed their answer and moved to dissolve the injunction—*It was held* that the defendants'had waived their right to dismiss the suit for want of service of a copy of the bill; and it was further held, that this being an application for a final decree in the cause, should'be made at a general, and not at a special term.

This was an application at a special term, for confirmation of a decree to dismiss the bill.

H. N. WALKER, for defendants, at a special term, on affidavit of the entry of an order for service of copy of the bill in 15 days, as required by rule 20 of this court, and of the due service of notice of the order, and also, stating that no copy of the bill as required by the rule had been served, and that defendants have entered a decree in vacation with the register of the court, dismissing the bill with costs, now moved for the confirmation of the decree dismissing the bill.

B. F. COOPER, for complainants, produced an affidavit, from which it appeared that the defendants, after the entry of the decree dismissing the bill, had moved the court for a dissolution of the injunction on the bill, and answer served upon him since the entry of the decree dismissing the bill.

He insisted that by the practice of this court, under rule 17, a defendant may answer either with or without the service of a copy of the bill. If he chooses to save the expense of a copy of the bill, by resorting to the pleadings on file in the register's office, he can do so. If he claims a copy of the bill, he may compel the service of a copy by virtue of rule 20. That rule is one for the defendants accommodation in answering; and if subsequently to the entry of an order for service of a copy, he accepts a service for any purpose, the object of the rule is annulled, and the order is waived.

If the order, requiring service of a copy of the rule, were

If the order, requiring service of a copy of the bill, were not so waived, the motion to dissolve the injunctions on the bill and answer served after the decree to dismiss, was a waiver of that decree in accordance with the rule which waives an irregularity, by taking proceedings in the cause subsequently to it, without taking advantage of this irregularity. 4 *Paige*, 288, 439; 2 *John. Ch.*, 242; 5 *Ib.*, 191.

That if the decree to dismiss was not waived by defendant, this motion should be denied with costs, for the reason that by the terms of the rule, the decree to dismiss is a final and not an interlocutory decree. It is analogous, in some respects, to a rule for a discontinuance at term, which requires no confirmation.

THE CHANCELLOR. The defendants having, subsequent to the default, filed their answer, and based thereon a motion to dissolve the injunction, have waived the right to dismiss for want of service of a copy of the bill.

Further. This being an application for a final decree in the cause, should be made at a general term. *Rose* vs. *Woodruff*, 4 *John. Ch. R.*, 547.